UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ATTENELLO MD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:25-cv-04869-WLH-E<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT AETNA'S MOTION TO DISMISS [16, 15]** |

　　　　The Court is in receipt of Plaintiff's Motion to Remand (the "MTR") (MTR, Docket No. 16), as well as Defendant's Motion to Dismiss (the "MTD"). (MTD, Docket No. 15). Prior to oral argument, which was set for September 12, 2025, all parties submitted on the Court's tentative order, which is now adopted as a final order. For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss, dismissing the action in its entirety without prejudice and with leave to amend.

//

//

//

## I. BACKGROUND

Plaintiff John Attenello, MD ("Plaintiff" or "Plaintiff Attenello") originally filed the present action against Defendant Aetna Life Insurance Company[1] ("Defendant" or "Defendant Aetna") in Small Claims Court in the Superior Court of Los Angeles County on April 25, 2025. (Notice of Removal, Docket No. 1-1, Ex. A (the "Claim") at 1). Defendant was served with the Claim on April 29, 2025. (Notice of Removal, Docket No. 1-2, Ex. B ("Service Transmittal") at 1). The Claim alleges Defendant owes Plaintiff $2,500[2] for "underpaid emergent/post-stabilization emergent care for patient based on state common law implied in law, implied and verbal contract, unjust enrichment and detrimental reliance." (Claim at 1). As support for his Claim, Plaintiff attached relevant the treatment charge breakdown, appointment notes for the patient at issue (the "Patient"), and an invoice of Defendant Aetna's payment for the treatment. (*Id.* at 7-14). The invoice denotes that the payments were "[a]djusted based on the Medicare fee schedule." (*Id.* at 8). Plaintiff rendered the care of Plaintiff on February 10 and 13, 2025, which included treatment of lower back pain. (*Id.* at 9-14).

Defendant timely removed the action to this Court on May 29, 2025, alleging federal question jurisdiction as it "involves a federal question under the Medicare Act and relates to benefits and requirements of that Act." (Docket No. 1 at 1-2). Plaintiff filed the instant Motion to Remand ("MTR") on August 4, 2025, for lack of subject matter jurisdiction, along with a Request for Judicial Notice in Support of Motion to Remand. (MTR, Docket No 16 at 2; Pltf. RJN, Docket No 17). The Motion to Remand is fully briefed. Defendant filed a Motion to Dismiss for Lack of Jurisdiction

---

[1] Defendant was erroneously sued as "Aetna Health of California Inc." This Order's reference to Defendant refers to the correct corporate entity as reflected on the federal docket.

[2] Plaintiff calculated this amount as follows: "Amount billed minus amount allowed plus 15% interest per annum as per H&S Code 1371.35, 28 CCR § 1300.71.4." (Claim at 1).

on August 6, 2025, and an accompanying Request for Judicial Notice. (MTD, Docket No. 15; Def. RJN, Docket No. 15-9). In its Motion to Dismiss, Defendant proffered evidence that (1) Plaintiff participates in Medicare per the Medicare provider directory, (2) the patient at issue was insured by Medicare, (3) Aetna is a Medicare Advantage Organization ("MAO") and (4) Plaintiff submitted a reimbursement request through a Center for Medicare and Medicaid approved avenue known as Form 1500. (*See* RJN, Ex. 1 ("Medicare Provider Profile"); Felder Decl. ¶ 5; Supplemental Declaration of Marilyn Felder in Support of MTD ("Supp. Felder Decl.) ¶¶ 3-5). In communications with Defendant's counsel, Plaintiff conceded that he is a "Medicare participating provider" and that he "accept[s] assignment for Medicare-covered services, including those where the patient has authorized payment to the provider." (MTD, Declaration of Matthew G. Kleiner ("Kleiner Decl.") ¶ 4).

Plaintiff filed an opposition to Defendant's Motion to Dismiss styled as a Response to Defendant's Motion to Dismiss as Premature. (Opp'n, Docket No. 19). With Defendant's Reply in Support of Motion to Dismiss (*see* Docket No. 25), the Motion to Dismiss is fully briefed.

**II. DISCUSSION**

Before the Court are Defendant Aetna's MTD (*see* MTD) and Plaintiff's MTR (*see* MTR). The Court begins by assessing Plaintiff's MTR before turning to Defendants' MTD[3]. For the reasons explained herein, the Court **DENIES** Plaintiff's MTR and **GRANTS** Defendant Aetna's MTD, dismissing the action in its entirety without prejudice.

//
//

---

[3] Plaintiff, in opposition to Defendant's Motion to Dismiss, characterized the Motion as premature, arguing the "Court must resolve the threshold jurisdictional question before evaluating the merits of Defendant's Motion to Dismiss." (Opp'n at 3). The Court does precisely that in this Order.

3

### A. Requests for Judicial Notice

#### 1. Plaintiff's Request

Plaintiff seeks judicial notice of (1) Plaintiff's original SC-100 Claim Form filed in Los Angeles Superior Court, (2) the remand order in *Advanced Orthopedic Center, Inc. v. UnitedHealthcare Insurance Co.*, Case No. 2:24-cv-00094-MWF (MAAx) (C.D. Cal. Feb. 6, 2024), and (3) the U.S. Supreme Court decision in *Royal Canin U.S.A., Inc. v. Wullschleger*. (Pltf. RJN at 2).

First, Plaintiff's SC-100 Claim Form is already part of the record in this case (*see generally* Claim) and judicial notice is therefore unnecessary. *See Gonzalez v. Cnty. of San Bernardino*, No. EDCV201363JGBSPX, 2021 WL 1570841, at *1 n.1 (C.D. Cal. Mar. 15, 2021). Second, U.S. Supreme Court decisions "are not an appropriate subject for judicial notice because Federal Rule of Evidence 201 'governs judicial notice of an adjudicative fact only.'" *Johnson v. Caliber Home Loans, Inc.*, No. CV1901387PAGJSX, 2021 WL 4814986, at *2 (C.D. Cal. Feb. 3, 2021) (quoting *Gonsalez v. Employment Dev. Dep't*, 2019 WL 5107099, at *8 (C.D. Cal. June 18, 2019)). The same goes for district court decisions. *See United States v. Pac. Health Corp.*, No. 12-960, 2014 WL 12859893, at *3 (C.D. Cal. Nov. 5, 2014) (collecting authority to show it is unnecessary to take judicial notice of publicly available court decisions).

Accordingly, Plaintiff's Request is **DENIED** as moot.

#### 2. Defendant's Request

Defendant seeks judicial notice of (1) Plaintiff's Medicare Provider Profile, as of August 5, 2025, (2) The National Uniform Claim Committee Guidelines, as of August 5, 2025, and (3) List of All Licensed Plans, as of August 5, 2025, obtained from the California Department of Managed Health Care's website. (Def. RJN at 2-3). Because these are all matters of public record and "not subject to reasonable dispute," *see Thomas v Moeller*, 741 F. App'x 420, 421 (9th Cir 2018), the Court **GRANTS** Defendant's Request and judicially notices the aforementioned

4

documents for purposes of this Order. *See also Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 9, 2008) ("[I]nformation on government agency websites . . . have often been treated as proper subjects for judicial notice.").

Accordingly, the Court **GRANTS** Defendant's Request as to all three documents.

### B. The Court DENIES the Motion to Remand

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have "original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). A district court determines "whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint." *Damon v. Korn/Ferry Intern.*, No. CV 15-2640-R, 2015 WL 2452809, at *2 (C.D. Cal. May 19, 2015) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A case generally has a federal question "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). There is an exception to this rule, however, "'when a federal statute wholly displaces the state-law cause of action through complete preemption.'" *Damon*, 2015 WL 2452809, at *2 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). To that end, "'[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law." *Id.* (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8).

The federal officer removal statute ("Section 1442(a)") also authorizes "removal of a civil action brought against any person 'acting under' an officer of the United States 'for or relating to any act under color of such office.'" *Leite v. Crane*

*Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 1442(a)(1)). To invoke this statute, the removing defendant must show that "(1) it is a 'person' within the meaning of the statute[;] (2) a causal nexus exists between a plaintiff['s] claims and the actions [the defendant] took pursuant to a federal officer's direction[;] and (3) it has a 'colorable' federal defense to [a] plaintiff['s] claims." *Id.*

## 2. Analysis

Plaintiff asserts three primary arguments as to why this action should be remanded to state court. Plaintiff argues that (1) the Complaint raises only state law and common law claims, (2) preemption prevents his claims from arising under federal law, and (3) Defendant cannot establish federal officer jurisdiction under Section 1442(a). (MTR at 5-6; Reply in Support of Remand ("Reply ISO Remand"), Docket No. 23 at 9). Because the Court deems removal proper under the officer removal statute (Section 1442(a)), the Court only briefly addresses the preemption arguments raised by Plaintiff. For the reasons explained herein, the Court disagrees with Plaintiff and **DENIES** the MTR.[4]

### a. Removal Was Proper Under Section 1442(a)

Under Section 1442(a), a civil action may be removed when brought against any person "acting under" an officer or agency of the United States "for or relating to any act under color of such office." 42 U.S.C. § 1442(a). The Supreme Court has emphasized that the words "acting under" within the statute "are broad" and that the statute should be "liberally construed." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007).

---

[4] Plaintiff also argues in his Motion that his "claims do not implicate any federal administrative review process." (MTR at 7). That administrative exhaustion argument is inapplicable to a motion to remand, so the Court declines to address it as part of its remand analysis. However, the exhaustion requirement bears on Defendant's Motion to Dismiss, and the Court will address it in subsequent parts of this Order.

6

A defendant may remove an action pursuant to Section 1442(a) if it can show "(1) it is a 'person' within the meaning of the statute,[5] (2) a causal nexus exists between [the] plaintiffs' claims and the actions [the defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to [the] plaintiffs' claims."[6] *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

A corporation is "acting under" a federal officer or agency when it is involved in "an effort to assist, or to help carry out, the federal superior's duties or tasks of the federal superior." *Watson*, 551 U.S. at 152 (citing *Davis v. South Carolina*, 107 U.S. 597, 600 (1883)). Private entities meet this standard when the relationship is "unusually close," such as when the private entity "perform[s] a job that, in the absence of a contract . . . the Government itself would have had to perform[.]" *Id.* at 153, 147.

Medicare is a federal health insurance program providing coverage to individuals over 65 and certain individuals with disabilities. 42 U.S.C. §§ 1395 *et seq.* Congress created the Medicare Advantage Program ("MA Program") in Part C of the Medicare Act ("Part C"), which establishes private insurance plans as alternatives to original Medicare. *Id.* § 1395w-21-28. Medicare Advantage Organizations (MAOs)"MAOs") are private organizations that operate under contract with the

---

[5] Plaintiff did not contest this element in the MTR or his Reply to Defendant's opposing briefs. This element is satisfied because corporations, such as Defendants, are "persons" for purposes of the statute. *See* 1 U.S.C. § 1 (defining the word person to include corporations).

[6] Plaintiff similarly declined to raise arguments with respect to the second and third elements in his MTR, but did offer rebuttal in his MTR Reply. Raising new arguments in reply is improper as it deprives the opposing party with adequate opportunity to respond. *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The Court accordingly declines to address these arguments. Even if it did, they would not change the outcome of the federal officer removal analysis.

Center for Medicare and Medicaid Services ("CMS"), a federal agency, to provide federal subsidized health insurance under Part C. *Inchauspe v. Scan Health Plan*, No. 2:17-cv-06011-CAS, 2018 WL 566790, at *3 (C.D. Cal. Jan. 23, 2018). "Medicare coverage determinations by MAOs are made pursuant to criteria established by the CMS." *Id.* MAOs that administer benefits under Part C of Medicare "fall within the category of highly regulated private contractors described in *Watson* and thus are 'acting under' CMS in a manner that entitles them to removal under [Section] 1442(a)." *Id.* Aetna is a registered MAO and contracts with the Centers for Medicare and Medicaid Services to provide Medicare Advantage plans and benefits. (Declaration of Marilyn Felder ("Felder Decl.") in Support of Defendant's Notice of Removal, Docket No. 1-5 ¶¶ 4-5).

"By administering Medicare benefits, [MAOs] help[] CMS 'fulfill [a] basic governmental task.'" *Yeomans v. Blue Shield of Cal.*, 712 F.Supp.3d 1336, 1342 (C.D. Cal. 2024) (quoting *Watson*, 551 U.S. at 153). Absent the support of MAOs such as Defendant, "'CMS would be obligated to administer Medicare benefits through Parts A and B to those individuals who currently elect Part C coverage.'" *Id.* (quoting *Body & Mind Acupuncture v. Humana Health Plan, Inc.*, No. 1:16cv211, 2017 WL 653270, at *5 (N.D. W. Va. Feb. 16, 2017)). To that end, the activities of MAOs, such as Defendant's, "'involve an effort to assist, or to help carry out, the duties or tasks of' CMS in a manner much more significant than 'simply complying with the law.'" *Id.* (quoting *Watson*, 551 U.S. at 153). Not only that, but MAOs' "benefits determinations and quality of care are subject to detailed regulations and administrative review by CMS, showing that their relationship is 'an unusually close one involving detailed regulation, monitoring, and supervision.'" *Id.* (quoting *Watson*, 551 U.S. at 153). In sum, the Court concludes that removal is proper pursuant to Section 1442(a), where Defendant is an MAO "acting under" CMS.

     b. <u>Plaintiff's Arguments Related to Whether This Dispute "Arises Under" the Medicare Act Are Misguided and Unpersuasive</u>

In his MTR, Plaintiff disputes that his claims "arise under" federal law for purposes of federal question jurisdiction by asserting the inapplicability of the Medicare Advantage preemption clause (42 U.S. Code § 1395w-26(b)(3)) and that "no federal issue appears on the face of the complaint. (MTR at 5-7). Although the Court finds removal proper under the federal officer removal statute, the Court briefly addresses these arguments.

Plaintiff relies primarily on the California Supreme Court's decision in *Quishenberry v. UnitedHealthcare, Inc.*, 14 Cal.5th 1057 (2023) for the proposition that the "Medicare Advantage preemption clause . . . applies only to state laws that 'duplicate, supplement, or supplant' federal standards." (MTR at 6). Plaintiff radically distorts *Quishenberry* by misattributing a phrase from an *amicus curiae* brief to the court and misrepresenting its actual holding[7]: that Medicare Part C's preemption provisions expressly preempted Quishenberry's state law and common law claims. *Quishenberry,* 14 Cal.5th at 1074. Moreover, this argument falls flat in light of Ninth Circuit precedent holding the same. *Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 681 (9th Cir. 2022).) (concluding that Medicare "Part C's preemption provision preempts a state law cause of action that parallels, enforces, or supplements express standards established under Part C and its implementing regulation."). Because the reimbursement standards under Medicare Part C "expressly prescribe the relevant duties of MA plans with respect to when expedited treatment is required and what timeframes apply, those standards 'supersede' any state law duty that would impose obligations on MA plans on that same subject." *Id.*

As for the presence of a federal issue on the face of the complaint, the Court need look no further than the invoice attached to Plaintiff's Claim that specifically denotes that the payments were "[a]djusted based on the Medicare fee schedule."

---

[7] This would be subject to sanctions if done by an attorney.

(Claim at 8). To the extent Plaintiff asserts this is not a dispute about Medicare reimbursement, the Court finds that position quite unconvincing.

## C. The Court GRANTS Defendant Aetna's Motion to Dismiss

### 1. Legal Standard

#### a. Rule 12(b)(1)

As courts of limited jurisdiction, federal courts retain subject matter jurisdiction only over matters "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Rule 12 authorizes parties to assert a lack of subject matter jurisdiction as a defense via motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1).

On a Rule 12(b)(1) motion, "the plaintiff bears the burden of establishing jurisdiction." *SAI v. Smith*, No. 16-CV-01024-JST, 2018 WL 534305, at *3 (N.D. Cal. Jan. 24, 2018) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When the defendant mounts a factual attack by submitting affidavits and other evidence, the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). Importantly, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted). In evaluating the evidence, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* Factual disputes, however, must be resolved in favor of the plaintiff. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir.1996)).

b. <u>Rule 12(b)(6)</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate "only when [the complaint] fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016); *see* Fed. R. Civ. P. 12(b)(6).

"[The] court must 'draw all reasonable inferences in favor of the nonmoving party'" and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). The court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . .").

Pursuant to Fed. R. Civ. P. 15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." leave should be granted in conformity with Rule 15(a)(2). *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

2. *Analysis*

Defendant Aetna asserts two primary arguments in support of its MTD, which the Court addresses in turn. First, Defendant asserts that Plaintiff failed to exhaust his administrative remedies as required by the Medicare Act, depriving this Court of

subject matter jurisdiction. Second, Defendant seeks dismissal of all claims under Rule 12(b)(6).

        a. <u>Claims Arising Under the Medicare Act Are Subject to Dismissal for Failure to Exhaust Administrative Remedies</u>

Federal judicial review under 42 U.S.C. § 405(g) is "'the sole avenue for judicial review' for claims 'arising under' the Medicare Act[,]" which may only be pursued following exhaustion of the administrative remedies. *Do Sung Uhm v. Humana, Inc.* ("*Uhm*"), 620 F.3d 1134, 1140 (9th Cir. 2010) (quoting *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984)). A court "cannot exercise subject matter jurisdiction" until such claims subject to this requirement are properly exhausted. *Id.* at 1141; *see also Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.* ("*Global Rescue*"), 30 F.4th 905, 911 (9th Cir. 2022) (emphasizing that the exhaustion requirement applies to MA Program benefits under Part C, just as it does to benefits under original Medicare).

Claims "arise under" the Medicare Act where either: (1) the Medicare Act is "both the standing and the substantive basis for the presentation" of the claims; *or* (2) the claims are "inextricably intertwined" with a claim for benefits. *Heckler*, 466 U.S. at 614–15. Claims that are "'[c]leverly concealed claims for benefits'" are still properly considered claims arising under the Medicare Act. *Uhm*, 620 F.3d at 1141 (quoting *Kaiser v. Blue Cross of Cal.* ("*Kaiser*"), 347 F.3d 1107, 1112 (9th Cir. 2003)).

Because Defendant lodges a factual attack on jurisdiction with supporting evidence, the Court "may review that evidence [beyond the allegations in the complaint] without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. Turning to the claims here, the Court accordingly finds the following facts undisputed for purposes of analyzing subject matter jurisdiction: (1) Plaintiff participates in Medicare per the Medicare

provider directory, (2) Aetna is a MAO and (3) Plaintiff submitted a reimbursement request through a Center for Medicare and Medicaid approved avenue. (*See* RJN, Ex. 1 ("Medicare Provider Profile"); Felder Decl. ¶ 5; Supp. Felder Decl. ¶¶ 4-5). Plaintiff's concession that he is a "Medicare participating provider" and that he "accept[s] assignment for Medicare-covered services, including those where the patient has authorized payment to the provider" is all the more telling. (*See* MTD, Declaration of Matthew G. Kleiner ("Kleiner Decl.") ¶ 4). Moreover, Plaintiff provided medical services to the patient—who was insured by a Medicare plan—for which he then sought reimbursement from Defendant by submitting a Center for Medicare and Medicaid Services Form 1500 to Defendant. (Supp. Felder Decl. ¶¶ 3-4). All things considered, it is evident that Plaintiff, a Medicare provider, delivered Medicare-reimbursable services to the patient at issue. His discontent with his subsequent reimbursement prompted the instant action, which the Court finds is subject to the administrative exhaustion requirement under the Medicare Act.

The Ninth Circuit's decision in *Global Rescue* is controlling here. In that case, the plaintiff was an out-of-network medical provider that alleged, among other causes of action, (1) breach of contract as the assignee of the enrollees' right to receive benefits; (2) breach of the implied covenant of good faith and fair dealing; and (3) quantum meruit. 30 F.4th at 910. The plaintiff contended that the MAO defendant had paid only a "fraction" of the amounts billed and sued to recover the full amounts. *Id.* Finding that the state law claims, in actuality, arose under the Medicare Act, the district court dismissed the action for lack of subject matter jurisdiction, as the plaintiff failed to exhaust its administrative remedies. *Id.* On appeal, the plaintiff argued both that it was not required to exhaust administrative remedies, and that any exhaustion requirement should have been excused. *Id*. The Ninth Circuit disagreed, upholding the dismissal. *Id.* The court emphasized that "the district court lacked subject matter jurisdiction over [the plaintiff's] claims to recover benefits allegedly

owed under [the defendant's] plan[,]" where the plaintiff had failed to exhaust its administrative remedies under Part C (Medicare Advantage).[8] *Id.* at 915.

Plaintiff's main argument on this topic is that his claims "do not implicate any federal administrative review process" because he "does not seek Medicare benefits, does not assert a right to federal reimbursement, and does not dispute any federal agency decision." (MTR at 7). The Court disagrees. As established above, Plaintiff sought Medicare reimbursement for services rendered to a Medicare enrollee from a MAO, as demonstrated by the undisputed evidence proffered by Defendant. Any argument to the contrary is wholly untethered to the record before the Court.

Accordingly, the Court agrees with Defendant that Plaintiff's claims—which are governed by the Medicare Act—must be dismissed due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1), where there are no facts alleged regarding administrative exhaustion. To the extent that Plaintiff *has* exhausted administrative remedies, these claims are **DISMISSED** without prejudice and with leave to amend.

### b. Plaintiff Fails to State a Claim

Defendant Aetna also contends that Plaintiff fails to state a claim with respect to his state-law causes of action. For the purposes of efficiency and with an eye toward an amended complaint being filed after administrative exhaustion, the Court now turns to this basis for dismissal. The Court agrees with Defendant Aetna that Plaintiff has failed to state a claim, as explained below, addressing each cause of action in turn.

---

[8] The Court briefly notes that the administrative exhaustion requirement includes two jurisdictional prerequisites: (1) a "'nonwaivable requirement that a claim for benefits shall have been presented to the Secretary[;]'" and (2) a "'waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Id.* at 912-13 (quoting *Heckler*, 466 U.S. at 617). The waivable requirement may only be excused if "three conditions are satisfied: (1) the plaintiff's claim is wholly collateral to a claim for Medicare benefits; (2) the plaintiff has made a colorable showing of irreparable harm; and (3) exhaustion would be futile." *Id.* at 919. Plaintiff has not alleged facts on either the nonwaivable *or* the waivable requirement, nor has it alleged facts demonstrating that exhaustion is waivable here.

Pursuant to Rule 12(b)(6), all three claims are **DISMISSED** without prejudice and with leave to amend.

### i. Breach of Contract

To support a claim for a breach of contract, "a plaintiff must allege (1) the existence of a contract; (2) that he has performed or that his nonperformance is excused; (3) defendant's breach of the contract; and (4) damages resulting from the breach." *Greenwich Ins. Co. v. Rodgers*, 729 F.Supp.2d 1158, 1163 (C.D. Cal. 2010) (citing *Troyk v. Farmers Grp., Inc.*, 171 Cal.App.4th 1305, 1352 (2009)). "With respect to this first requirement – the need to plead the contract – a plaintiff must, in actions involving breach of a written contract, 'allege the specific provisions in the contract creating the obligation the defendant is said to have breached.'" *In re Anthem, Inc. Data Breach Litigation*, 162 F.Supp.3d 953, 978 (N.D. Cal. 2016) (quoting *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1117 (N.D. Cal. 2011)).

The blanket allegation that Defendant Aetna underpaid for services billed is conclusory, absent facts demonstrating its obligation to pay for those services in full or pay for them at all. No particularities of the contractual provision underlying the breach is alleged. (*See generally* Claim). For these reasons, the Court **GRANTS** the MTD with respect to the breach of contract claim. In the event that Plaintiff can supplement its allegations to address the deficiencies noted by the Court, this dismissal is without prejudice and with leave to amend.

### ii. Quantum Meruit / Unjust Enrichment

"Quantum meruit is an equitable theory which supplies, by implication and in furtherance of equity, implicitly missing contractual terms." *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal.App.4th 1410, 1419 (1996). "The whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do not have a contract – express or implied – with those defendants." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1273 (9th Cir. 1992). Under California law, unjust enrichment is not considered an independent cause of

action and is instead "just a restitution claim." *Hill v. Roll Internat. Corp.*, 195 Cal.App.4th 1295, 1307 (2011); *see also Sepanossian v. Nat'l Ready Mix Concrete Co.*, 97 Cal.App.5th 192, 207 (2023) (emphasizing that "an unjust enrichment claim is grounded in equitable principles of restitution").

"[W]here an equitable relief claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*, Case No. 17-cv-03871-LHK, 2017 WL 4517111, at *12 (N.D. Cal. Oct. 10, 2017). Therefore, "at the pleading stage, a complaint 'must set forth facts to show that the breach cannot be adequately compensated for in damages; failing this, it does not state a cause of action.'" *Id.* (quoting 5 Witkin, *California Procedure* § 803 (5th ed. 2008).

Although the Court liberally construes Plaintiff's Claim filed in state court as pursuing a theory of unjust enrichment, it does not hold water as alleged. Where Plaintiff has an adequate remedy at law, these causes of action must fail. *See Sky Sleep Lab v. Cigna Health and Life Ins. Co.*, No. 2:24-cv-00770-SVW-PD, 2025 WL 736496, at * (C.D. Cal. Jan. 23, 2025) (dismissing quantum meruit and unjust enrichment claims because the court could not conclude the plaintiff "lack[ed] an adequate remedy at law for its alleged injury[,]" where the plaintiff, who also sought money damages against the defendant insurance company, did not allege that restitutionary relief would be more prompt, efficient and certain).

### iii. Detrimental Reliance

The Court construes Plaintiff's detrimental reliance claim as a cause of action for promissory estoppel. Under California law, the elements of a claim for promissory estoppel are: "'(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [that is] both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.'" *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07–02864 JSW, 2007 WL 3232276, *6 (N.D.Cal.

Nov. 1, 2007) (quoting *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal.App.3d 885, 890, 131 Cal.Rptr. 836 (1976)).

Plaintiff's allegations fail to state a claim because he does not allege a clear promise or detrimental reliance. The Claim contains one conclusory statement that is severely insufficient to meet the basic pleading requirements of Rule 8 and *Twombly*.

Accordingly, for the foregoing reasons explained herein, the Court **GRANTS** Defendant Aetna's MTD for failure to state a claim for relief. Plaintiff's three claims are **DISMISSED** without prejudice and with leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's MTR, finding that removal was proper. The Court **GRANTS** Defendant Aetna's MTD and **DISMISSES** Plaintiff's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6), with leave to amend. Should Plaintiff wish to file a First Amended Complaint, it must do so within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

Dated: September 16, 2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE